This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. 34,540**

**OMAR ALANAZI,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals his convictions for two counts of assault, with a firearm enhancement on each count. We issued a notice of proposed disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. Having

carefully considered the arguments raised in the memorandum in opposition, we continue to believe that affirmance is appropriate. Therefore, for the reasons stated below and in our notice of proposed disposition, we affirm.

{2} The only issue raised and argued in Defendant's docketing statement concerned the enhancement of the two counts of assault based on his use of a firearm during each offense. Defendant challenged the fact that the issue of firearm enhancements did not arise until after the jury was sworn, when the State moved to amend the indictment. Defendant contended that the amendment should not have been allowed. As we pointed out in the notice of proposed disposition, however, it was not necessary for the State to amend the indictment in order to have the enhancements considered by the jury. Instead, it was sufficient if Defendant had been adequately put on notice of the State's allegation that the charged offenses were committed with the use of a firearm. *See State v. Badoni*, 2003-NMCA-009, ¶¶ 10-19, 133 N.M. 257, 62 P.3d 348.

{3} In our notice we proposed to determine that such adequate notice was present here, where the indictment alleged that Defendant "did assault or strike at [the victim] with a .40 caliber handgun." Defendant's memorandum in opposition does not challenge this proposed determination. Instead, Defendant argues in effect that *Badoni* was wrongly decided, because it failed to account for the fact that the firearm-enhancement provision is contained in a separate statute, imposes a mandatory one-

year enhancement of a sentence, and therefore constitutes a separate statutory offense that must be indicted by the grand jury. [MIO 6] He also contends that *Badoni* "fails to account for the constitutional notice concerns at issue." [MIO 7]

{4}    We do not agree with the assertion that *Badoni* should be overruled. Contrary to Defendant's assertion, the analysis in *Badoni* is predicated on the fact that notice concerns are met where a defendant has actual notice that he is being accused of using a firearm to commit a crime; *Badoni* simply holds that where such actual notice is present, there is no need to formally indict a defendant before imposing the firearm enhancement. *See Badoni*, 2003-NMCA-009 at ¶¶ 17-19. We are therefore not convinced that *Badoni* was wrongly decided. Since Defendant had ample notice in this case that he was charged with using a firearm to commit the assaults in question, his firearm enhancements were imposed in conformance with the law and will be affirmed.

{5}    Based on the foregoing discussion and on the analysis set out in the notice of proposed disposition, we affirm.

{6}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**